# EXHIBIT 6

 **CRESCENT AFRICA**

11th April 2007

The Managing Director
Ecobank – Nigeria PLC
2, Ajose Adeogun Street
Victoria Island
Lagos.

**ATTN: MR OFFONG AMBAH**

Dear Sir,

Further to our formal demand served under our letter of 30th March 2007, couriered to you and kindly acknowledged by the Bank, we hereby advise as follows;

On the 2nd of April 2007 matters took an expectedly worse turn in the Commercial Division of the Ghana High Court for your clients Bronwen. As co-owners of the cargo of Premium Motor Spirit still aboard our time chartered vessel M/T Anna, we are advised it remains our duty to serve upon you a copy of the Ruling of the High Court Judge and respectfully urge you to pay heed to its contents. Furthermore, you are hereby on notice that we shall be vigorously enforcing the award in the absence of prompt settlement of the invoice sent previously to your good selves

We await your responsible action as bankers to the judgement debtor.

Yours faithfully,


Dr. Kojo Owusu-Nyantekyi
Managing Director

**ATTACHED: COPY OF RULING OF 2ND APRIL 2007**

22 DR. ISERT RD. NORTH RIDGE, P.O. BOX CT 2629, CANTONMENTS, ACCRA-GHANA
Telephone: +233 243 635 382 Facsimile: +233 21 244 900 E-mail: cresafric@hotmail.co.uk
CRESCENT AFRICA (GHANA) LTD. (REG NO. 36096)

# EXHIBIT 7



# CRESCENT AFRICA

BY MAIL AND COURIER SERVICE

4th May 2007

The Managing Director
Ecobank - Nigeria PLC
2, Ajose Adeogun Street,
Victoria Island,
Lagos - Nigeria

**ATTN: MR OFFONG AMBAH**          **CC: AWOONOR LAW CONSULTANCY**

**CC: AJUMOGOBIA & OKEKE**          **CC: THE MANAGING DIRECTOR**
                                                    **PRUDENTIAL BANK LIMITED**

Dear Sir,

## FINAL DEMAND TO HONOUR COURT AWARD AND EXISTING STATUTORY LIEN AND LETTER BEFORE ACTION

We refer to the recent interchanges between yourselves and Bronwen which had been kindly copied to ourselves. We also write in furtherance to our previous letters dated 30th March and 11th April 2007 respectively demanding formal payment from the Bank in respect of your liabilities as consignees of the cargo aboard the vessel M/T Anna.

As you are aware the vessel has been encumbered since November 2006 by your clients and co – owners of the cargo, Messers Bronwen Energy Trading Limited. Hence we remain increasingly concerned by the Bank's failure to honour its obligations to our company as chartered owners of the said vessel. We strongly urge the Bank to also mitigate the continuation of recklessly mounting costs to all parties concerned in these unprecedented circumstances, which had been deliberately engineered by your co-owners.

In these unfortunate circumstances, we are compelled to remind you of your responsibilities to honour those overlaid obligations in accordance with international maritime law and accordingly effect payment due to Crescent Africa (GH) Limited pursuant to the Court award in the amount of **US$ 1 097 162.16** (One Million, Ninety Seven Thousand One Hundred and Sixty Two Dollars, Sixteen cents only) made in our favour on the 2nd of April 2007 by the High Court of the State of Ghana. Which award is legally enforceable in most common law jurisdictions, as you perfectly well know.

For ease of reference, payment is respectfully demanded to be made to the under mentioned bank as follows;

"*Kindly therefore arrange payment of the above amount by telegraphic transfer to the following details:-*

**PRUDENTIAL BANK LIMITED**
**8 NIMA AVENUE**
**PMB GPO**

22 DR. ISERT RD. NORTH RIDGE, P.O. BOX CT 2629, CANTONMENTS, ACCRA-GHANA
Telephone: +233 243 635 382 Facsimile: +233 21 244 900 E-mail: cresafric@hotmail.co.uk
CRESCENT AFRICA (GHANA) LTD. (REG NO. 36096)

 **CRESCENT AFRICA**

**RING ROAD CENTRAL**
**ACCRA-GHANA**
**SWIFT CODE   : PUBGHAC**
**ACCOUNT NO. : USD ACCOUNT NO** ▬▬▬▬▬▬▬▬▬
**BENEFICIARY  : CREDIT: CRESCENT AFRICA (GH) LTD AS AGENTS**
**Ref: M/T ANNA**

If payment due is not effected in the next seven days (7), we shall be applying without further reference to yourselves in the appropriate for worldwide orders to enforce the judgement or any further interim orders likely to attach and or hinder the use of assets of the Bank and Bronwen pending final determination and served in any jurisdictions wherever those assets may be located and supported by reciprocal enforcement treaties in respect of Court orders.
Any such orders shall not be limited to the mere judgement award but shall now include further amounts as deemed fit to satisfy all and any rightful liabilities arising as occasioned by these wilful defaults. We take the correct view not to cause any surprise to the Bank and therefore the untenable situation you have cognitively collectively placed us, thus demand our intentions be encased in candour upon notification.

Finally, we regret your failings have left us no option but uneasily impel us to anticipate these formal steps - now deemed necessary to protect our legal and commercial rights. You are accordingly served with this letter as constituting our formal notice to your goodselves. We trust you will obligingly robustly take the most appropriate steps to draw a line under this debacle by doing the proper thing in the next seven days.

As a rider, we note your clients have now sought to appeal the Ghana Court order, in the most extraordinary circumstances which are lawyers advise is doomed to fail, in the most embarrassing admissions in open court made by your clients counsel that Bronwen has no financial capacity hence could not satisfy the orders of the 24th January 2007 nor fulfil marine carriage contracts; yet forcibly unlawfully seek to take delivery of this disputed cargo without paying for its freight and accrued demurrage.

You are therefore kindly advised to take note of this development in all your deliberations, and the consequences for the Bank and client in the event you choose to advertently or inadvertently disregard the extant court order.

Yours faithfully,

For and on behalf of Crescent Africa.

22 DR. ISERT RD. NORTH RIDGE, P.O. BOX CT 2629, CANTONMENTS, ACCRA-GHANA
Telephone: +233 243 635 382 Facsimile: +233 21 244 900 E-mail: cresafric@hotmail.co.uk
CRESCENT AFRICA (GHANA) LTD. (REG NO. 36096)

# EXHIBIT 8

IN THE HIGH COURT OF JUSTICE (COMMERCIAL DIVISION)
ACCRA A.D. 2007

CRESCENT  AFRICA (GH) LTD
22 DR. ISERT ROAD
NORTH RIDGE                                                    PLAINTIFF
ACCRA

-       VERSUS       -

ECOBANK NIGERIA PLC
N0. 2 AJOSE ADEOGUN STREET                                    DEFENDANT
VICTORIA ISLAND, LAGOS
NIGERIA

STATEMENT OF CLAIM

1.    The Plaintiff sues the Defendant for unpaid freight and demurrage and general
      damages for keeping aboard the Vessel MT ANNA 5442.81 metric tonnes of
      premium motor spirit (PMS) since November, 2006 till the date of this action thereby
      preventing Plaintiff from performing its obligations under a contract between Plaintiff
      and  the Tema Oil Refinery Limited (TOR).

2.    The Plaintiff is a limited liability registered under the Companies code, 1963 engaged
      in the business of chartering vessels to transport petroleum products between ports
      on the coast of West Africa and the shipper and co-owner of the 5442.81 metric
      tonnes of PMS aboard the Vessel MT ANNA .

3.    The Defendant is a company registered under the laws of the Republic of Nigeria and
      carrying on business of banking and finance in the Republic of Nigeria with its
      headquarters in Lagos.

4.    By a Time Charter Agreement 1st June, 2006 made between the Plaintiff and the Tema
      Oil Refinery Limited (TOR) Plaintiff was contracted to transport consignments of oil
      between the ports of Tema and Takoradi (the 'Contract') and chartered the  vessel
      'MT' ANNA in order to perform the Contract.

5.    On 30th October, 2006 due to the downtime in the use of the vessel MT ANNA
      Plaintiff and TOR agreed to sub-charter the vessel  to  a third party to mitigate any
      losses that may arise  from the non-use of the vessel.

6.    Through the Plaintiff's ship brokers a company named as Nigacare Nigeria Limited
      (as 'Sub-charterers' )  contracted to take the vessel MT ANNA for a spot voyage of

6.5 days to load a parcel of premium motor spirit (gasoline) to be lifted from the vessel MT OLAM SUCCESS moored off-shore the Nigerian coast for delivery into a safe berth at Ibafon, Lagos, Nigeria between 7th and 13th of November, 2006.

7. MT ANNA duly sailed from the port of Tema, Ghana and arrived off-shore the coast of Lagos on 7th November, 2006 to commence loading of the gasoline from the MT OLAM SUCCESS.

8. Contrary to the spot voyage contract the vessel MT ANNA was held up between the 7th of November, 2006 until the 22nd November, 2006 when the vessel was finally loaded.

9. After having been loaded the vessel remained in the same position without any prospect of berthing at Ibafun, Lagos.

10. Despite several notices to the Sub-charterers of the vessel, they failed to berth the vessel to discharge the cargo of PMS.

11. On the 5th of December, 2006 TOR gave notice to the Plaintiff to resume the performance of the contract of transferring petroleum products from Tema to Takoradi and requested that the vessel MT ANNA be should be positioned in Tema waters by the 8th of December,.2006.

12. Plaintiff was compelled to instruct the Master of the vessel MT ANNA to proceed to Ghanaian waters and the vessel arrived on or about the 10th of December, 2006 still loaded 5442 metric tonnes of premium motor spirit.

13. MT ANNA being still laden with cargo could not perform the TOR contract of transferring petroleum products from Tema to Takoradi..

14. To mitigate further losses and to avoid any further breach of the TOR contract, TOR agreed that the cargo of premium motor spirit aboard the MT ANNA should be discharged into tanks at TOR's storage installation at Tema.

15. TOR gave an undertaking to replace the said premium motor spirit cargo aboard MT ANNA with like specifications and quantity after the transfer operations at a date to be agreed.

16. The Plaintiff fearing that irreparable damage and or loss will be caused to it if an Order compelling the Sub-charters, Master and Owners of the Vessel MT ANNA to discharge the cargo of 5442.81 metric tons of PMS aboard the Vessel MT ANNA into

storage installation of TOR at Tema is not granted applied to the High Court, Commercial Division for same.

17. On the 19th of December, 2006 Mr. H.A. Kwofie, Justice of the High Court ordered that the Sub-charterers  either by itself, its agents, servants, the Master and Owners of the vessel MT ANNA to discharge the cargo of 5442 metric tonnes of premium motor spirit on board the MT ANNA into storage installation of TOR at Tema.

18. Before the Order of Mr. Justice H.A. Kwofie dated 19th December, 2006 could be executed Plaintiff was severed with an intervening Order dated 21st December, 2006 issued by Mrs. G. Torkornoo Justice of the High Court restraining the Plaintiff and the Vessel MT ANNA, their Agents, Representatives and Assigns from discharging the Plaintiff's cargo of Gasoline aboard the vessel MT ANNA in Ghana or any place apart from Ports of discharge agreed to in the contract of affreightment and on the bill of lading being the ports of Apapa-Lagos and Ibafon.

19. Inspite of being advised  that if Mrs. Justice  G. Torkornoo had been informed of the order granted by Mr Justice H.A. Kwofie relating to the same subject matter, the cargo of PMS aboard the MT ANNA , Her Lordship would not have granted the Order of Interlocutory Injunction dated 21st December, 2006, the Plaintiff as a prudent commercial measure  and out of respect to the Court on the 22nd of December, 2006 ordered the vessel to sail back to Nigeria where it has been awaiting to discharge the cargo following payment to the Plaintiff as time chartered owners of the vessel all demurrage and other due charges.

20. The Defendant is or ought to be aware that there is still owed and outstanding the freight and demurrage in respect of the vessel MT ANNA and penalties up to the date of this suit.

21. As a result of the failure of the Plaintiff to make available to TOR the vessel under its time charter party contract for the Tema Takoradi shuttle operations,TOR has refused to make payments under the time charter party contract which payments are due irrespective of whether the vessel is employed or not even if upon agreement it has been sublet. This has caused Plaintiff considerable the loss..

22. As a result of the unavailability of the vessel MT ANNA due to the presence of the cargo of PMS, which the Defendant is the shipper and co-owner is aboard the  vessel MT ANNA TOR hired a replacement vessel to do the trips between Tema and Takoradi the cost of  which TOR has indicated, will be deducted from payments due to the Plaintiff

23.     The vessel MT ANNA remains in Lagos with the cargo of 5442.81 tons of PMS still aboard without any prospect of it being available to the Plaintiff to be used in executing the contract with TOR.

**WHEREFORE THE PLAINTIFF CLAIMS AGAINST THE DEFENDANT  AS FOLLOWS:**

(i)      Unpaid freight and demurrage;

(ii)     General damages for frustrating Plaintiff's contract with TOR; and

(iii)    Costs of the suit.

DATED AT ACCRA  THIS   21st DAY OF MAY, 2007


                                                    SOLICITOR FOR THE PLAINTIFF

THE REGISTRAR
HIGH COURT ( COMMERCIAL DIVISION )
ACCRA

EXHIBIT 9

 **CRESCENT AFRICA**

BY MAIL

23rd May 2007

The Managing Director
Ecobank - Nigeria PLC
2, Ajose Adeogun Street,
Victoria Island,
Lagos - Nigeria

**ATTN: MR OFFONG AMBAH**          **CC: AWOONOR LAW CONSULTANCY**

Dear Sir,

**RE: FINAL DEMAND TO HONOUR COURT AWARD AND EXISTING STATUTORY
LIEN AND LETTER BEFORE ACTION**

Further to our earlier communication to which we have received no courtesy of a response, your
unfortunate inaction has now compelled us to instruct lawyers to institute proceedings against
Ecobank Nigeria PLC.

Prior to the service of the writ(s) of summons and relevant pleadings, having regards to the current
state of affairs, received wisdom thus recommends we furnish you with an updated statement of
accounts. This is strictly served upon you in accordance with the letter and spirit of international
maritime laws in your capacity as the consignee and co-owners of the cargo of Premium Motor
Spirit aboard the vessel M/T Anna, which as you perfectly well know for all intents and purposes
remain in Lagos and thus effectively delivered to Ecobank PLC, following the inability of Bronwen
Energy Trading Ltd to meet its financial obligations thereon.

You are thus accordingly notified.

Yours faithfully

For and on behalf of Crescent.

# EXHIBIT 10

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION HELD IN ACCRA ON THURSDAY
THE 24TH DAY OF MAY 2007
BEFORE HER LORDSHIP MRS. GERTRUDE TORKORNOO

SUIT NO.BDC97/2006

BRONWEN ENERGY TRD. LTD.

VRS.

1.   CRESCENT AFRICA GH.LTD.
2.   THE VESSEL MT. ANNA

PARTIES:   PLAINTIFF/APPLICANT ABSENT
ROGER BERKELEY FOR 1ST DEFENDANT/RESPONDENT
PRESENT

COUNSELS: NII ODOI ODDOTEYE FOR PLAINTIFF/APPLICANT
CHARLES TETTEH FOR DEFENDANT/RESPONDENT

## R U L I N G

Order 74 of the rules of Court directs a court to award costs if it considers it fit to make an order as to the costs of or incidental to any proceedings.

Costs are to be designed to compensate for expenses reasonably incurred, court fees paid, reasonable remuneration for the lawyer. Expenses should include travel expenses and take cognizance of length and complexity of the proceedings and conduct of the parties and their lawyers during proceedings.

Order 74 rule 8 (1) directs the court to order costs occasioned by anything done improperly or unnecessarily by or on behalf of a party and in this wise, the court shall have regard to what could have saved costs or the doing of anything calculated to occasion unnecessary costs, when awarding costs.

In my award of costs which Plaintiff has appealed against, I was very clear that apart from a blatant disregard of this court's orders obtained on their own application, the Plaintiff omitted to provide very necessary information to the court at the time of

1

CERTIFIED TRUE COPY

obtaining of the first injunction to wit that the Commercial Court differently constituted had made an order in respect of the same vessel and products they sought my order on.

Secondly, after obtaining the orders, which directed the defendant respondent to travel to Nigeria, the Plaintiff chose to disregard the courts orders directing them to perform certain conditions for obtaining the injunction. As such, the defendants had been put to much distress, costs and unnecessary expense, owing to Plaintiff's suit, actions and omissions. Every order made in my award of costs is designed to compensate defendant for the reasonable expenses incurred through this suit and the court's orders, the effects of Plaintiff's acts and nothing more.

The Applicant is a company with no presence and assets in Ghana, which has come to the Ghanaian courts and obtained orders but chose to disregard orders they were to comply with and caused unnecessary expense to the respondent. Throughout these proceedings, never once did any party appear in court on its behalf.

It is my considered opinion that the costs awarded were not excessive or in the nature of damages but totally in conformity with the directions of Order 74. Further if the Applicant does not pay these costs, in view of its facelessness in Ghana; the Defendant would be the one who is likely to find my judgment nugatory if they win the appeal and not Plaintiff if it wins the appeal.

In the circumstances, I order the Applicant to pay the costs into court by 1st June 2007 and direct that the money be put into an interest yielding account pending the completion of the appeal.

Costs of ¢`10,000,000.00.

(SGD)
**MRS. GERTRUDE TORKORNOO**
**JUSTICE OF THE HIGH COURT**

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

2