# EXHIBIT 11

**IN THE SUPERIOR COURT OF JUDICATURE**
**IN THE HIGH COURT OF JUSTICE**
**COMMERCIAL DIVISION**

**SUIT NO. BDC97/2006**

**BRONWEN ENERGY TRD. LTD.**
**COPTHALL**
**P.O. BOX 2331**
**ROSEAU ST GEORGEE**
**00152 COMMONWEALTH OF DOMINICA - PLAINTIFF**

**VS.**

**1. CRESCENT AFRICA GH. LTD.**
**22 DR. ISERT ROAD**
**NORTH RIDGE**
**ACCRA**
**2. THE VESSEL MT ANNA              - DEFENDANTS**



**COMMERCIAL DIVISION**

**(SGD)**
**MRS G. TORKORNOO**
**JUSTICE OF THE HIGH COURT**

_____

**ORDER FOR EXECUTION AGAINST A PERSON NOT**
**BEING A PARTY**

_____



UPON READING the affidavit of Dr. Kojo Nyantekyi. Managing Director of 1st Defendant Company on behalf of the 1st Defendant/Judgment/ Applicant, filed on 30/07/07 in support of Motion Ex-parte for Order to join ECOBANK NIGERIA PLC as party against whom orders of this court given on 2nd April 2007 may be enforced.

AND UPON HEARING the submission of EKOW AWOONOR ESQ. counsel for the 1st Defendant/Judgment/ Applicant herein:

IT IS HEREBY ORDERED that,
the 1st Defendant/Applicant is given leave to enforce the conditions for the grant of leave to discontinue Plaintiff's action against Ecobank Nigeria PLC on account of their being consignees and co-owners of cargo of 5442 metric tones of Premium Motor Spirit held aboard the 2nd Defendant vessel.

GIVEN UNDER MY HAND AND THE SEAL OF THE COURT THIS
31st DAY OF JULY 2007.

(SGD)
**PHILOMENA BREW**
**R E G I S T R A R**

CERTIFIED TRUE COPY

HIGH COURT, ACCRA

# EXHIBIT 12

<u>IN THE SUPERIOR COURT OF JUDICATURE</u>
<u>IN THE HIGH COURT OF JUSTICE</u>
<u>COMMERCIAL DIVISION</u>

SUIT NO. BDC97/2006

BRONWEN ENERGY TRD. LTD.
COPTHALL
P.O. BOX 2331
ROSEAU ST GEORGEE
00152 COMMONWEALTH OF DOMINICA   -   PLAINTIFF

VS.

1. CRESCENT AFRICA GH. LTD.
   22 DR. ISERT ROAD
   NORTH RIDGE
   ACCRA
2. THE VESSEL MT ANNA                          -  DEFENDANTS



MRS G. TORKORNOO
JSTICE OF THE HIGH COURT

---
ORDER TO SERVE ORDERS OF COURT ON
ECOBANK NIGERIA PLC BY COURIER
---

**UPON READING** the affidavit of David Andreas Hesse
of No. 7, Klanaa Close, Ako-Adjei Osu Accra a member of
the Law Firm Hesse & Hesse Solicitors acting for Ecobank
Nigeria Plc. the Applicant herein in support for a Motion
on Notice to set aside all Proceedings and Processes filed
against Ecobank Nigeria Plc:

**AND UPON HEARING** the submission of **DAVID
ANDREAS HESSE ESQ.** counsel for the Applicant
herein:

**IT IS HEREBY ORDERED** all Orders of the court
commencing 2nd April 2007 be served on Ecobank
Nigeria PLC. by courier service and proof of service
placed on the docket prior to hearing of the substantive
garnishee proceedings.

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT. ACCRA

18—11—11

**IT IS FURTHER ORDERED THAT** application to set aside all proceedings and processes filed against Ecobank Nigeria PLC pursuant to order to enforce judgment and orders of this Honourable Court against Ecobank Nigeria PLC dated the 31st Day of July 2007 is struck out as withdrawn.

GIVEN UNDER MY HAND AND THE SEAL OF THE HIGH COURT COMMERCIAL DIVISION THIS 13th DAY OF DECEMBER 2007.

(SGD)
MRS.PHILOMENA BROWN-ACQUAYE
R E G I S T R A R

# EXHIBIT 13

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION HELD IN ACCRA ON FRIDAY
THE 15TH DAY OF FEBRUARY 2008
BEFORE HER LORDSHIP MRS. GERTRUDE TORKORNOO

SUIT NO.BDC97/2006

BRONWEN ENERGY TRD. LTD.

CERTIFIED TRUE COPY

VRS.

1. CRESCENT AFRICA GH.LTD.
2. THE VESSEL MT. ANNA

COMMERCI
HIGH COURT, ACCRA

PARTIES:   ROGER BECKLEY FOR 1ST DEFENDANT, PLAINTIFF ABSENT

COUNSELS: LESLEY BROWN FOR ATTA AKYEA FOR 1ST DEFENDANT
KWASI ADU MANTE FOR HESSE FOR ECOBANK NIGERIA PLC.
ALBERT DJAN WITH HILDA APPIAH FOR ECOBANK GHANA

## RULING

The applicant is praying for an order to stay execution of or set aside the order of Justice Barbara Ackah Yensu attaching Account No. 1101480260222 in the name of Ecobank Nigeria and held with Ecobank Ghana as well as discharge Ecobank Ghana Ltd as Garnishee on grounds including arguments that

1. the content of the said account is not owned by Ecobank Nigeria Plc but various companies and individuals who use the account to process transactions in Nigeria

2. the attachment order was made without a hearing of the grounds on which the garnishee was disputing liability to pay out the attached sums

3. the court ought to have heard the details of the garnishee's dispute of liability before ordering the garnishee to pay monies from the attached account into court.

I have looked at the garnishee proceedings from the date they commenced on 18th October 2007 to the date my sister made the order complained of on 22nd November 2007. I am satisfied that a major part of the arguments put forward by counsel is misconceived because the procedure adopted by the court was in total conformity with garnishee proceedings and the orders made were premised on the information available before the court at the time it made the order.

The only saving part of these arguments is the fact that the applicant managed to furnish this court with records of the content of the account in issue. This is a record that had been requested by Justice Ackah Yensu on 20th November 2007 when she directed the garnishee to bring to court information on whatever accounts that stood in the name of Ecobank Nigeria at the next adjourned date. This order was not fully complied with by the garnishee witness when he failed to provide adequate information on the nature of the account held in the name of Ecobank Nigeria, especially since those details were crucial for the determination of whether or not the account should be attached in payment of Ecobank Nigeria's liability ruled on earlier. Instead of providing those details in all humility to the court to enable her arrive at a just and effective decision, the record shows me that Counsel for Ecobank Ghana chose to be quizzing the court as to the name of the account holder the order was supposed to be attaching because the parties named on the first part of the garnishee order were not Ecobank Nigeria and claiming that he only wanted to clarify the order they were to obey. And he chose to continue with this line of questioning even though the court pointed it out to him that 'I think that point was clarified the first day you were here and subsequently we corrected that'. Not having been given the details requested, my sister was perfectly right in summarily determining from the scanty information given to her that as long as an account in the name of Ecobank Nigeria existed with the garnishee, they should lodge the requisite sum of money in court. That right was her prerogative from Order 47 rule 5.

Be that as it may, I am satisfied from exhibit AG1 attached to the affidavit of Albert Gyan and filed in this court on 14th February 2008 that the monies in the account were paid into it by various persons and debits are done in the names of various individuals and companies. The nature of the transactions seems to support counsel's arguments that the account is essentially a foreign exchange transaction account for customers who have business in Nigeria. I cannot help but take judicial notice of the rules of this country which restrain individuals from conducting business in foreign exchange except through a bank. Further, there are no interest elements on the account and this supports the argument that it is a client account. I don't know why it took counsel so long to bring the gravamen of his dispute to the notice of the court but at least the information is now in the domain of the court.

The High Court has inherent jurisdiction to exercise jurisdiction over all matters which are not specifically ousted by legislation and to ensure that it does justice at all times by its orders. As order 1 rule 2 directs, 'the rules of court shall be interpreted and applied so as to achieve speedy and effective justice, avoid delays and unnecessary expense, and ensure that

as far as possible, all matters in dispute between parties are completely effectely and finally determined and multiplicity of proceedings concerning any of such matters is avoided. In FOSUHENE vrs. POMAA (1987-88) 2 G.L.R. 105, Taylor JSC said at page 135:

"A Court ought not to decline jurisdiction in a specific case if in doing so it will defeat the purpose for which it was set up, provided in the circumstances of the specific case its assumption of jurisdiction does not amount to usurpation of powers or violation of its jurisdiction but can rather be logically deduced as a necessary implication and an adjunct of the jurisdiction under which it operates. In this connection, it is worthy of note that with superior courts jurisdiction is presumed unlike inferior courts whose jurisdictions are invariably delimited by statute".

My sister made it clear in her order of 22nd November 2007 that the order for payment into court was an interlocutory measure subject to 'going into all the matters' and 'her final decisions'. Obviously, she was clarifying the manner in which the account should remain attached pursuant to hearing the arguments regarding the disputing of liability. She presided over this case during that period because as the substantive judge for this case, I was out of the jurisdiction. Unfortunately, before she could examine the remainder of materials that were yet to be produced and come out with her final decisions, I returned and the docket was sent to me. Since there is one high court, it has become my duty to examine the material she did not have opportunity to examine and arrive at that final decision.

The details of the account make it clear that it would defeat the ends of justice, raise multiplicity of suits and create utter chaos if the content of the account is taken to discharge the liability of Ecobank Nigeria plc without cognizance of the various persons who pay money into the account for their business. In the circumstances, I will complete her final decisions by discharging the garnishee order against account number 1101480260222.


(SGD)
**MRS. GERTRUDE TORKORNOO
(JUSTICE OF THE HIGH COURT)**

CERTIFIED TRUE COPY

COMMERCIAL DIV;
HIGH COURT, ACCRA

## JUDICIAL SERVICE

RECEIPT
TO BE HANDED
TO PAYEE

No 5035332

Republic of Ghana

### GENERAL COUNTERFOIL RECEIPT

Station.....................                      Date......................

*Cheque No
Money/Postal Order No}  ....................

**Received** from .........................................................

the sum of ........................................................... Cedis.

and ............................................. pesewas on account of .........

............................................................................

............................................................................

............................................................................

............................................................................

* Delete where inapplicable

Registrar

Printed by: Awe Company Ltd.

# EXHIBIT 14

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE COMMERCIAL DIVISION
HELD IN ACCRA ON THURSDAY THE 27TH DAY OF FEBRUARY 2008
BEFORE HER LORDSHIP MRS. GERTRUDE TORKORNOO

SUIT NO.BDC97/2006

BRONWEN ENERGY TRD. LTD.

VRS.

CRESCENT AFRICA & ANOR.

PARTIES:      MR. ROGER BECKLEY FOR 1ST DEFENDANT

COUNSELS:     MR. KWASI ADU MANTE FOR ECOBANK NIGERIA
              NII ODOI ODOTEI FOR PLAINTIFF
              MR. ATAA AKYEA FOR 1ST DEFENDANT WITH MRS.
              PHILLIPINA AKYEA AND MR. SYLVESTER ABAANE

## RULING

A court has a duty to correct any and all mistakes it may make in execution of its duty to define just decisions.

Order 43 rule 9 which led to the order made on 31st July 2007 states in 9 (2) – any person not being a party to the cause or matter against whom obedience to any judgment or order may be enforced is liable to the same process for enforcing obedience to the judgment or order as if the person were a party.

On a second and more cautious look at this rule I am satisfied that the rule may only be used in the processes of court where there is an order or judgment that directs that the order or judgment may be enforced against a particular person who is not a party at the time of the making of the order or judgment.

In this case, the orders made pursuant to the application for injunction made no reference to applicant –either in the arguments or ruling.

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

In the circumstances, sufficient grounds for the purpose of enforcing the order against the applicant as required by order 43 rule 9 (2) had not been established.

The court erred in making the order and will correct the error by setting aside its own order.

The order to enforce the orders of 24th January 2007 against Ecobank Nigeria is hereby set aside.


(SGD)
MRS. GERTRUDE TORKORNOO
(JUSTICE OF THE HIGH COURT)

# EXHIBIT 15

## IN THE HIGH COURT OF JUSTICE (COMMERCIAL DIVISION) ACCRA
### A.D. 2007

ORIGINAL ACTION
BRONWEN ENERGY TRADING LTD                PLAINTIFF    Suit No. BDC97/2006

- VERSUS -

CRESCENT AFRICA (GH) LTD                  DEFENDANT

COUNTER CLAIM

CRESCENT AFRICA (GH) LTD                  PLAINTIFF

- VERSUS -

BRONWEN ENERGY TRADING LTD                DEFENDANT

ECOBANK PLC (A party liable for execution)

## THE HEAD OF LOSSES FOR ENTRY OF JUDGEMENT AGAINST BRONWEN AND ECOBANK

| | COSTS AND DAMAGES | DESCRIPTION | AMOUNT/$ |
|---|---|---|---|
| 1 | Demurrage costs already awarded up to 2nd April 2007 | 102 days @ 7500 | 765,000.00 |
| 2 | Legal cost already awarded up to 2nd April 2007 | 59 days @ 7500 | 302,162.16 |
| 3 | Demurrage cost incurred from 2nd April to 31st May 2007 | | 442,500.00 |
| 4 | Insurance premium from 21st Dec 2006 to 31st May 2007 | | 40,000.00 |
| 5 | **Loss of Revenue from TCP with TOR** in respect of damages arising out of loss of use of M/T Anna from 1st Dec 2006 to to TOR's determination of the TCP | 330 days @ 8,333.33 | 2,749,998.90 |
| 6 | 10% uplift of a rate of 8,333.33 per day from 15 Nov 06 – 15 Nov 08 15 Nov 2007 to 15 Nov 2008 | 1.1 x (365 @ 8,333.33) | 3,345,831.99 |
| 7 | Head Owners claim for extra expenses including bunkers up to release from unlawful arrest of the M/T Anna | | 352,000.00 |
| 8 | Estimate of legal costs | | 350,000.00 |
| | TOTAL OF LOSSES | | 8,347,493.05 |