# EXHIBIT 16



# IN THE SUPERIOR COURT OF JUDICATURE
## IN THE HIGH COURT OF JUSTICE
### COMMERCIAL DIVISION
#### ACCRA



**GERTRUDE TORKORNOO (MRS) (J)**
*JUSTICE OF THE HIGH COURT*

**SUIT NO. BDC/97/2006**

COMMERCIAL DIVISION

| | | |
|---|---|---|
| BRONWEN ENERGY TRADING LTD | - | **PLAINTIFF** |

### VRS

| | | |
|---|---|---|
| 1. CRESCENT AFRICA (GHANA) LTD | - | **1ST DEFENDANT** |
| 2. THE VESSEL "MT ANNA" | - | **2ND DEFENDANT** |

### BY ORIGINAL ACTION

| | | |
|---|---|---|
| CRESCENT AFRICA (GHANA) LTD | - | **PLAINTIFF** |
| VRS | | |
| ECOBANK NIGERIA PLC | - | **DEFENDANT** |

### COUNTERCLAIM

---

**JUDGEMENT FOR COSTS AGAINST THE PLAINTIFF AND ECOBANK NIGERIA PLC (ORDER 41 RULE 3 (1) AND (3)**

---

**DATED AND ENTERED THE 2ND DAY OF APRIL, 2007, 24TH MAY, 2007 AND 31ST DAY OF JULY, 2007**

**THIS ACTION HAVING** been tried before Her Ladyship Mrs. Gertrude Torkornoo at the High Court, Commercial Division, Accra and the said Mrs. Gertrude Torkornoo J, having on the 2nd day of April, 2007 ordered that the Plaintiff should pay Gh¢200.00 being reasonable compensation for filing fees, Gh¢1,800 being reasonable compensation for 1st Defendant's appearance in Court, $20,000 being reasonable compensation for travelling expenses to Nigerian Courts, $80,000 being Counsel's fees being 2% of value of cargo in issue, $80,000 being reasonable Counsel's fees for defending Defendant against arrests in Nigeria, $150,000 being reasonable sundry expenses incurred in keeping Plaintiff's cargo on board the 2nd Defendant and demurrage at $7,500 a day from 21st December, 2006 to

2nd April, 2007 in the sum of $765,000 and the said Mrs. Gertrude Torkornoo J., having on the 24th day of May, 2007 ordered that the Plaintiff should pay the said sums stated hereinabove and further costs of Gh¢1,000, and having on the 31st day of July, 2007 ordered that the Plaintiff and Ecobank Nigeria Plc should pay the sums stated hereinabove.

**IT IS ADJUDGED** that the 1st Defendant recovers against the Plaintiff and Ecobank Nigeria Plc, the sum of Gh¢2,000 and statutory interest at 29% per annum in the total sum of Gh¢6,341.53 and $1,095,000 and statutory interest at 14% per annum in the total sum of $2,000,446.65 and the sum of Gh¢1,000 and statutory interest at 29% per annum in the sum of Gh¢2,457.96.

**IT IS FURTHER ORDERED** that 1st Defendant will be entitled to interest on the above said sums at the rates of 14% per annum on sums calculated in US Dollars, and at the rate of 29% per annum for Cedi amounts, calculated at the close of each day and payable until date of final payment.

**DATED AT AYAWASO CHAMBERS, ACCRA THIS 1ST  DAY OF AUGUST, 2011**

**LAWYER FOR 1st DEFENDANT/**
**JUDGEMENT-CREDITOR**

**THE REGISTRAR**
**HIGH COURT**
**COMMERCIAL DIVISION**
**ACCRA**

**AND TO**

1. **THE ABOVE-NAMED PLAINTIFF**
2. **ECOBANK NIGERIA PLC.**



# EXHIBIT 17

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION
ACCRA – A. D. 2011

SUIT NO. BDC97/2006

BRONWEN ENERGY TRADING
LIMITED                                                PLAINTIFF

VRS.

1. CRESCENT AFRICA GHANA
   LIMITED
                                                       DEFENDANT

2. THE VESSEL MT. ANNA

---

ENTRY OF JUDGMENT FOR COSTS AGAINST THE PLAINTIFF AND
ECOBANK NIGERIA PLC.

---

DATE AND ENTERED THE 2ND DAY OF APRIL, 2007, 24TH MAY, 2007
AND 31ST DAY OF JULY, 2007

THIS ACTION HAVING been tried before Her Ladyship Mrs. Gertrude
Torkonoo at the High Court, Commercial Division, Accra and the said Mrs.
Gertrude Torkonoo J., having on the 2nd day of April, 2007 ordered that the
Plaintiff should pay GH¢200.00 being reasonable compensation for filing
fees, GH¢1,800.00 being reasonable compensation for 1st Defendant's
appearance in court, $20,000 being reasonable compensation for travelling
expenses to Nigerian courts, $80,000 being counsel's fees being 2% of value
of cargo in issue, $80,000 being reasonable counsel's fees for defending
Defendant against arrests in Nigeria, $150,000 being reasonable sundry
expenses incurred in keeping Plaintiff's cargo on board the 2nd Defendant
and demurrage at $7,500 a day from 21st December 2006 to 2nd April, 2007
in the sum of $765,000 and the said Mrs. Gertrude Torkonoo J., having on
the 24th day of May 2007 ordered that the Plaintiff should pay the said sums

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

- 2 -

stated hereinabove and further costs of GH¢1,000, and having on the 31st day of July, 2007 ordered that the Plaintiff and Ecobank Nigeria PLC should pay the sums stated hereinabove.

IT IS ADJUDGED that the 1st Defendant recovers against the Plaintiff and Ecobank Nigeria PLC. the sum of GH¢2,000 and statutory interest at 29% per annum in the total sum of GH¢6,341.53 and $1,095,000 and statutory interest at 14% per annum in the total sum of $2,000446.65 and the sum of GH¢1,000 and statutory interest at 29% per annum in the sum of GH¢2457.96.

DATED AT AYAWASO CHAMBERS, ACCRA THIS 1ST DAY OF AUGUST, 2011

$\#L$

LAWYER FOR 1ST DEFENDANT/ JUDGMENT-CREDITOR

AMARTEYO & CO
AYAWASO CHAMBER
A. SUI 1. A

THE REGISTRAR,
HIGH COURT,
COMMERCIAL DIVISION,
ACCRA

AND TO:

1. THE ABOVE-NAMED PLAINTIFF

2. ECOBANK NIGERIA PLC.

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

# EXHIBIT 18

**IN THE SUPERIOR COURT OF JUDICATURE**
**IN THE HIGH COURT OF JUSTICE COMMERCIAL DIVISION**
**HELD IN ACCRA ON TUESDAY THE 7TH DAY OF FEBRUARY 2012**
**BEFORE HER LADYSHIP JUSTICE GERTRUDE TORKORNOO [MRS]**

SUIT NO. BDC/97/06

BROWEN ENERGY TRADING LTD                                    PLAINTIFF

VRS

1. CRESCENT AFRICA GH. LTD & 2 ORS                   = = =   DEFENDANTS

---

### R U L I N G

I have studied the application of counsel and find that it is not sustainable because in my ruling of 27th February 2008, when I refereed to my Order of 24th January 2007, I meant exactly what I said. My Order of 24th January 2007 was the order of injunction outlining costs that should be paid to 1st defendant as part of that order of injunction. That was on page 2 of the ruing.

Subsequent to 24th January 2007 I made an order allowing plaintiff to discontinue its action in part and subject to complying with the orders made on 24th January 2007. It is these two Orders of 24th January 2007 and 2nd April 2007 read together which translated into the orders that I directed could be enforced against Ecobank Nigeria on 31st July 2007, and which I set aside as having been made in error on 27th February 2008. Thus there is no accidental slip to correct in any of my rulings. To clarify issues, I will set out the chronology of Orders all available on the docket.

On 16th January 2007, the plaintiff herein filed an application for interlocutory injunction to restrain the defendants from discharging the plaintiff's cargo which was aboard the 2nd defendant's vessel.

In my ruling dated 24th January 2007, I granted the order of interlocutory injunction and made orders as to costs to be paid. Soon after this order, plaintiff file a notice of discontinuance of this action on 7th February 2007 which was challenged by the defendant with an application filed on 12th March 2007 to set aside such discontinuance on account of there being a counterclaim field by defendants and orders yet to be complied with.

After disallowing the discontinuance of the plaintiff's action on 20th March 2007, this court on 2nd April 2007 awarded against plaintiff costs, compensation and demurrage costs to the 1st defendant.

This Order was appealed by plaintiff. On application to stay execution of the order of costs etc, this court ordered plaintiff on 24th May 2007 to pay the costs into court by 8th June 2007 pending appeal. On 30th July 2007, the 1st defendant applied to join Ecobank Nigeria as a party against

1

whom it would execute the order of costs made on 2nd April 2007. This application was granted on 3rd July 2007.

Again on 11th October 2007, in order to execute the 31st July 2007 orders against Ecobank Nigeria, the 1st defendant applied to attach moneys that were allegedly held in a cross account of Ecobank Nigeria with Ecobank Ghana in a garnishee nisi process.

My sister Justice Ackah-Yensu granted this application on 18th October 2007 and ordered Ecobank Ghana to appear on 25th October 2007 to show cause why the said cross account should not be attached. On 7th and 23rd November 2007, she ordered the sum of $1,097,162.16 in Account Number 1101480260222 in the name of Ecobank Nigeria held by Ecobank Ghana to be paid into court.

This was followed by an application filed on 5th December 2007 to set aside all proceedings and processes field against Ecobank Nigeria pursuant to the order to enforce the orders of this Court against Ecobank Nigeria.

This application was struck out as withdrawn on 13th December 2007 and an order made to serve all orders commencing from 2nd April 2007 on Ecobank Nigeria.

On 8th January 2008, Ecobank Nigeria again applied for stay of execution and to set aside the order of 31st July 2007 which allowed the enforcement of the 24th January 2007 and 2nd April 2007 orders against Ecobank Nigeria. A concomitant application by Ecobank Ghana to be discharged from the garnishee order of Justice Ackah-Yensu was filed on 14th January 2008.

My ruling on the application for stay of execution filed on 8th January 2008 is dated 15th February 2008. It is this ruling which specifically discharged the attachment of Account Number 1101480260222 that my sister Justice Ackah-Yensu had ordered the $1,097.62.16 to be paid from in execution of garnishee order.

On 24th April 2008, Ecobank Nigeria was joined to this suit as defendant to counterclaim.

The application is dismissed.

[SGD]
**JUSTICE GERTRUDE TORKORNOO [MRS]**
**JUSTICE OF THE HIGH COURT**
**(COMMERCIAL DIVISION)**

COUNSEL:
**GEORGE ESHUN ESQ. FOR PLAINTIFF**
**ISAAC OFOSU BOATENG ESQ. FOR 2ND DEFENDANT**

CERTIFIED TRUE COPY

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

2

# EXHIBIT 19

**IN THE SUPERIOR COURT OF JUDICATURE**
**IN THE HIGH COURT OF JUSTICE**
**COMMERCIAL DIVISION-ACCRA**

*GERTRUDE TORKORNOO (MRS) (J)*
*JUSTICE OF THE HIGH COURT*

**SUIT NO. BDC/97/2006**

BRONWEN ENERGY TRADING LTD   -   **PLAINTIFF**

1. CRESCENT AFRICA (GHANA) LTD   -   1ST DEFENDANT
2. THE VESSEL "MT ANNA"              2ND DEFENDANT

**BY ORIGINAL ACTION**

CRESCENT AFRICA (GHANA) LTD   -   **PLAINTIFF**

VRS

ECOBANK NIGERIA PLC   -   **DEFENDANT**

**COUNTERCLAIM**

---

**JUDGMENT FOR COSTS AGAINST THE PLAINTIFF AND
ECOBANK NIGERIA PLC (ORDER 41 RULES 3 (1) AND (3)**

---

**DATED AND ENTERED THE 2ND DAY OF APRIL, 2007, 24TH MAY, 2007 AND
31ST DAY OF JULY, 2007.**

**THIS ACTION HAVING** been tried before Her Ladyship Mrs. Gertrude Torkornoo at the High Court, Commercial Division, Accra and the said Mrs. Gertrude Torkornoo J, having on the 2nd day of April, 2007 ordered that the Plaintiff should pay GH¢200.00 being reasonable compensation for filing fees, GH¢1,800 being reasonable compensation for 1st Defendant's appearance in Court, $20,000 being reasonable compensation for travelling expenses to Nigerian Court, $80,000 being Counsel's fees being 2% of value of cargo in issue, $80,000 being reasonable Counsel's fees for defending Defendant against arrests in Nigeria, $150,000 being reasonable sundry expenses incurred in keeping Plaintiff's cargo on board the 2nd Defendant and demurrage at $7,500 a day from 21st December, 2006 to 2nd April, 2007 in the sum of $765,000 and the said Mrs. Gertrude Torkornoo J., having on the

24th day of May, 2007 ordered that the Plaintiff should pay the sums stated hereinabove and further costs of GH¢1,000, and having on the 31st day of July, 2007 ordered that the Plaintiff and Ecobank Nigeria Plc should pay the sums stated hereinabove.

**IT IS ADJUDGED** that the 1st Defendant recovers against the Plaintiff and Ecobank Nigeria Plc, the sum of GH¢2,000 and statutory interest at 29% per annum in the total sum of GH¢6,341.53 and $1,095,000 and statutory interest at 14% per annum in the total sum of $2,000,446.65 and the sum of GH¢1,000 and statutory interest at 29% per annum in the sum of GH¢2,457,96.

**IT IS FURTHER ORDERED** that 1st Defendant will be entitled to interest on the above said sums at the rates of 14% per annum on sums calculated in US Dollars, and at the rate of 29% per annum for Cedi amounts, calculated at the close of each day and payable until date of final payment.

**DATED AT AYAWASO CHAMBERS, ACCRA THE 1ST DAY OF AUGUST, 2011.**

Floria E-Ocansey

**LAWYER FOR 1ST DEFENDANT**
**JUDGMENT-CREDITOR**

THE REGISTRAR
HIGH COURT
COMMERCIAL DIVISION
ACCRA

REGISTRAR
COMMERCIAL DIVISION OF THE
HIGH COURT, ACCRA

AMARTEIFIO & CO.
AYAWASO CHAMBERS.
ACCRA
TEL: 0302-773145
FAX:0302-77317

**AND TO**

1. **THE ABOVE-NAMED PLAINTIFF**

2. **ECOBANK NIGERIA PLC**



### REPUBLIC OF GHANA

## MINISTRY OF FOREIGN AFFAIRS AND REGIONAL INTEGRATION

LE/TR/5 SF.1 VOL.7

I, PETER OWUSU MANU, Deputy Director, Legal and Consular Bureau, Ministry of Foreign Affairs of the Republic of Ghana, DO HEREBY CERTIFY that the signature of SAMUEL BOAKYE-YIADOM, Second Deputy Judicial Secretary, covering the signature of GLORIA E. OCANSEY, REGISTRAR, COMMERCIAL DIVISION OF THE HIGH COURT, GHANA, appearing on the **"JUDGEMENT FOR COSTS AGAINST THE PLAINTIFF AND ECOBANK NIGERIA PLC (ORDER 41 RULE 3 (1) AND (3)"** dated 1st August, 2011 is the true and certified signature of the said SAMUEL BOAKYE-YIADOM, Second Deputy Judicial Secretary of the Judicial Service of Ghana.

Given under my Hand and Seal of the Ministry Of Foreign Affairs of the Republic of Ghana this 4th Day of September in the Year of Our Lord Two Thousand and Twelve (2012).

DEPUTY DIRECTOR
LEGAL AND CONSULAR BUREAU
MINISTRY OF FOREIGN AFFAIRS
AND REGIONAL INTEGRATION

REPUBLIC OF GHANA
**JUDICIAL SERVICE**
**P. O. BOX 119**
**ACCRA-GHANA**

I, **SAMUEL BOAKYE-YIADOM**, SECOND DEPUTY JUDICIAL SECRETARY OF THE JUDICIAL

SERVICE OF GHANA, DO HEREBY CERTIFY THAT THE SIGNATURE APPEARING ON THE

**JUDGEMENT FOR COSTS AGAINST THE PLAINTIFF AND ECOBANK NIGERIA**

**PLC (ORDER 41 RULE 3 (1) AND (3)**

DATED 1ST DAY OF AUGUST , 2011 IS IN THE HANDWRITING OF

**GLORIA E. OCANSEY**, REGISTRAR, COMMERICAL DIVISION OF THE HIGH COURT, GHANA.

GIVEN UNDER MY HAND AND THE SEAL OF THE

HIGH COURT OF JUSTICE THIS 21st DAY OF

AUGUST, IN THE YEAR OF OUR LORD,

TWO THOUSAND AND TWELVE [2012]

**SECOND DEPUTY JUDICIAL SECRETARY**

# EXHIBIT 20

IN THE SUPERIOR COURT OF JUDICATURE
IN THE HIGH COURT OF JUSTICE
COMMERCIAL DIVISION
ACCRA – A. D. 2011

SUIT NO. BDC97/2006

BRONWEN ENERGY TRADING
LIMITED

PLAINTIFF.

VRS.

1. CRESCENT AFRICA GHANA
   LIMITED

DEFENDANTS

2. THE VESSEL MT. ANNA

BY ORIGINAL ACTION

CRESCENT AFRICA (GHANA) LIMITED

ECOBANK NIGERIA PLC.

BY COUNTERCLAIM

---

AMENDED COUNTERCLAIM
(FILED PURSUANT TO ORDER GRANTING LEAVE TO 1ST
DEFENDANT BY HER LADYSHIP GERTRUDE TORKONOO, J
DATED THE 2ND DAY OF MAY, 2012)

---

1. The 1st Defendant repeats the paragraphs 1 to 30 of the Statement of Defence, but says that paragraphs 2 and 4 of the Statement of Claim are admitted.

2. The 1st Defendant says that it had a lien on board the said vessel MT "ANNA" from 3rd April, 2007 when the cargo of gasoline on board was discharged.

- 2 -

3. The 1ˢᵗ Defendant says further that due to fraud practiced by the Plaintiff, with its associated Nigerian companies, Bronwen Energy Trading (Nigeria) Limited, Nigacare Limited and Transcon Oil Limited, all under the common control of one Patrick Ndiomu as Managing director, the 1ˢᵗ Defendant has been deprived of the use of the Vessel "MT Anna" which had been used as a floating reservoir .

## PARTICULARS OF FRAUD

(1) Claiming ownership of the PMS Cargo when it knew, at all material times that the said cargo was the property of another company incorporated in Nigeria bearing the same name as the Plaintiff, under the common control of the said Patrick Ndiomu.

(2) The Plaintiff, with full knowledge of the 1ˢᵗ Defendant as a time charterer, aided and abetted it associate company in Nigeria to execute a charter party with an associated company of Transcon Oil Limited which company describes itself as the owners of the said vessel.

(3) The Plaintiff, with full knowledge of 1ˢᵗ Defendant's relation to the said vessel, used a number of companies to acquire the use of the said vessel, thereby causing loss to the 1ˢᵗ Defendant.

4. The Plaintiff and its agents, the Defendant to Counterclaim and co-owners repeatedly abused the process of this Honourable Court by irregularly obtaining orders from the Honourable Court , by virtue of falsehood, on 21ˢᵗ December, 2006 and 22ⁿᵈ January, 2007 and thereafter, to unlawfully arrest the vessel MT "ANNA".

5. The Plaintiff also falsely claimed ownership of the said cargo contrary to assertions of other companies, including Transcon Oil Limited, which claimed ownership of the same.

- 3 -

6. As a result of unlawful arrest of MT "ANNA" made at the instance of the Plaintiff, and Ecobank Nigeria PLC, the owners exercised their rights under the Head Agreement (Charter party) between Clan and Crescent entered into in or about August, 2006 and terminated the contract.

7. As a result, the 1st Defendant could not use the vessel under the charter party.

8. The 1st Defendant was thereby disabled from performing its obligations under an Agreement it had with Tema Oil Refinery Limited.

9. The Defendant to Counterclaim, Ecobank Nigeria PLC is a co-owner with the Plaintiff of the cargo of 5442 metric tones of Premium Motor Spirit (PMS) which at the material time, was laden on the vessel MT "ANNA" .

10. The Defendant to Counterclaim was also the consignee of the said cargo as per the Bill of Lading and the Cargo Manifest.

11. The Defendant to Counterclaim was also the financier of the said cargo.

12. When the said vessel was on its way outside Nigerian Territorial Waters, the Plaintiff and Defendant to Counterclaim, wrongfully and illegally caused the arrest of the said vessel by the Nigerian Navy on the night of 30th January, 2007, and the said vessel was forcibly towed to the Naval Base at NNS Beecroft, Apapa, Lagos, where the crew were harassed and detained and the said vessel was illegally detained for about 6 months.

13. The wrongful arrest of MT "ANNA" at the instance of the Plaintiff and Ecobank Nigeria PLC led to the breach of the contract between Tema Oil Refinery Limited and Crescent in or about June, 2007.

- 4 -

14. Due to the inability of the 1st Defendant to make the said vessel available to Tema Oil Refinery under it Time Charter Party for the Tema/Takoradi shuttle operations, Tema Oil Refinery has refused to make payments due to the 1st Defendant under the Time Charter Party, leading to loss on the part of the 1st Defendant.

15. Tema Oil Refinery was constrained, as a result of the unavailability of the said vessel, to hire a vessel to replace the said vessel to undertake a number of trips between Tema and Takoradi, the cost of which action has been deducted from the sum due to the 1st Defendant.

16. Also, the 1st Defendant had to pay for bunkers because of the failure of the sub-charterers to fulfill their obligations under the Spot Charter Agreement, for which bunkers the 1st Defendant had to pay.

17. While the said vessel was under unlawful arrest, the 1st Defendant was put to expense in maintaining the said vessel and the crew as follows:

   (8) Loss of income resulting from the restraining of the vessel from 1st December, 2006 to 15th November, 2008 at US$8,333.33 per day.

   (9) Bunkers consumed by the Vessel from 13th December, 2006 to 1st June, 2007 in the total sum of US$150,590.00.

   (10)   Expenses incurred by the owners of the said vessel in the total sum of US$599,000.00.

   (11)   Cost of insurance premiums paid by the 1st Defendant.

18. While the Vessel was under arrest, the 1st Defendant was constrained to pay bank charges and interest on a loan the 1st Defendant obtained from Prudential Bank Limited to charter the said vessel.

- 5 -

WHEREFORE the 1st Defendant counterclaims against the Plaintiff and Ecobank Nigeria PLC the Defendant to Counterclaim as follows:

1. An order upon the Plaintiff and the Defendant to Counterclaim, Ecobank Nigeria PLC., to pay all losses incurred by the 1st Defendant as a result of wrongful acts of the Plaintiff and the Defendant to Counterclaim.

2. Another order upon the Plaintiff and Defendant to Counterclaim to pay to the 1st Defendant all out-of-pocket expenses of the 1st defendant and of its officials in the total sum of US$$2,000,446.65 or it cedi equivalent and the sum of GH¢1,000 as ordered by the Honourable Court on 2nd April, 2007 and 24th May, 2007.

3. A further order upon the Plaintiff and the Defendant to counterclaim to pay all unpaid demurrage from 13th November, 2006 to 28th February, 2007.

4. Refund of the cost of bunkers which the sub-charterers should have paid for.

5. Interest at the prevailing bank rate from 1st December, 2006 to the date of judgment.

6. An order upon the Plaintiff and Defendant to Counterclaim to pay all bank charges and interest paid by the 1st Defendant being bank charges and interest the 1st Defendant was constrained to pay to Prudential Bank Limited

7. General damages for breach of contract.

DATED AT AYAWASO CHAMBERS, ACCRA THIS 2ND DAY OF MAY, 2012

LAWYER FOR 1ST DEFENDANT

AMALIFO & CO.
AYAWASO CHAMBERS
ACCRA

- 6 -

THE REGISTRAR,
HIGH COURT,
COMMERCIAL DIVISION,
ACCRA


      AND TO:  1. THE ABOVE-NAMED PLAINTIFF BRONWEN
ENERGY TRADING LIMITED,COPHALL, ROSEAU ST.,
GEORGE, 00152 COMMONWEALTH OF DOMINICA


2.THE ABOVE-NAMED DEFENDANT TO COUNTERCLAIM OR
ITS LAWYERS, SAM OKUDZETO & ASSOCIATES, 1ST FLOOR,
TOTAL HOUSE, LIBERIA ROAD, ACCRA

# EXHIBIT 21

CALCULATION OF COUNTERCLAIM AGAINST ECOBANK FOR RULE B

| No. | Period | Description / Details | Amount U.S. Dollars |
|---|---|---|---|
| | **Ruling of 2nd April 2007** | | |
| 1a. | 21st Dec 06 - 2nd April 07 | Vessel hire and loss of income as per voyage demurrage rate (102 days @US$7,500 per day | 765,000.00 |
| | | Filing fees + court attendances (20,000 Ghana cedi) | 2,000.00 |
| | | Legal fees awarded | 330,000.00 |
| | | | |
| | **Losses occurred by reasons of Crescent obeying Court's orders to discharge** | | |
| | **cargo and its unlawful detention and arrest in Nigeria by Ecobank and Bronwen** | | |
| b. | 2nd April 07 - 1st June 07 | Vessel hire and loss of income as per TCP rate (60 days @US$8,333.33 per day) | 500,000.00 |
| | | *or in the alternative* | |
| c. | 2d April 07 - 1st June 07 | Vessel hire and loss of income as per spot voyage rate (60 days @US$7,500 per day) | 450,000.00 |
| | | | |
| | **Further losses incurred as a result of Crescent and its vessel being restrained** | | |
| | **from making vessel available for its assigned work in Ghana** | | |
| e. | 1st Dec 06 - 1st June 07 | Vessel hire and loss of income as per TCP rate (183 days @ US$8,333.33 per day) | 1,524,999.39 |
| | 1st June 07 - 15 Nov 08 | Vessel hire and loss of income as per TCP rate (533 days @US$8,333.33 per day) | 4,441,489.00 |
| | | | |
| | **Bunkers consumed by M/T ANNA in respect of retention of cargo & unlawful arrest** | | |
| 2a. | 13th Dec 06 - 13th Dec 06 | Cost of bunkers supplied 2mts@US$1500 | 3,000.00 |
| | 13th Dec 06 - 13th Dec 06 | Cost of bunkers supplied 17mts@US$730 | 12,410.00 |
| | | | |
| b. | 27th Dec 06 | Supply of 43.2 mts of gasoil | 29,780.00 |
| | | Emergency supply | 1,920.00 |
| | | | |
| c. | 21st Feb 07 | Cost of bunkers supplied: | |
| | | IFO: 70 mts @ US$341 | 23,870.00 |
| | | MGO: 25 mts @621 | 15,525.00 |
| | | | |
| d. | 7th April 07 | Cost of bunkers supplied: | |
| | | IFO: 80 mts @US$350 | 28,800.00 |
| | | MGO: 45 mts @US$633 | 28,485.00 |
| | | | |
| e. | Owner's extra costs incurred from wrongful arrest of Anna and levied to present | | |
| | | Extra H&M premium for calls to Nigeria | 40,000.00 |
| | | Protective Agency costs | 36,000.00 |
| | | Class/Flag extension certification | 20,000.00 |
| | | Crew substitution | 25,000.00 |
| | | Updated legal fee | 250,000.00 |
| | | Bonus to Master | 6,000.00 |
| | | | |
| 3. | **Legal costs (up to August 2012)** | | 222,000.00 |
| | | | |
| 4. | **Prudential Bank interests + Bank charges up to 15 August 2012 by reasons** | | |
| | **of financing the hire of M/T ANNA** | | 312,240.45 |
| | | | |
| 5. | Sums deducted by Tema Oil Refinery from accounts due to the | | |
| | unavailability of M/T ANNA | | 631,365.94 |
| | | | |
| 6. | Insurance Premiums (war risk to Nigeria) calculated as 102xUS$2,500 | | 255,000.00 |
| | | | |
| | | **SUB-TOTAL (note the $450K figure not included)** | **9,504,884.78** |
| | | Less amounts related to 2 April 2007 Order: | 1,097,000.00 |
| | | Principal amount for which Rule B sought | 8,407,884.78 |
| | | | |
| 7. | Interest at 14% (as allowed under Ghana law) from 21 Dec 2006 to 21 Dec 2012 | | 7,069,073.10 |
| | (Note: while interest is to be compounded daily, solely for purposes of the | | |
| | Rule B application, Plaintiff is calculating only simple interest) | | |
| | | | |
| 8. | Anticipated legal fees until conclusion of Ghana proceedings | | 250,000.00 |
| | | | |
| | | **TOTAL FOR RULE B APPLICATION:** | **15,476,957.88** |